IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

JANE NKEMATEH

Crim. No. AW-12-0375
Defendant No.: 9

*********************************************************************

## MEMORANDUM OPINION

**I. BACKGROUND**

Defendant, Jane Nkemateh, has agreed to plead guilty to Count One and Count Two of the Indictment pending against her in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956(h). Doc. No. 173 at 1. Between on or about June 6, 2011 and on or about July 9th 2012, in the District of Maryland, Defendant knowingly conspired to distribute and possess with intent to distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841. Doc. No. 170 at 2. Defendant specifically received at least fourteen packages containing approximately 239 pounds of marijuana and deposited more than $13,000 into bank accounts controlled by co-defendants. Doc. No. 204 at 4.

In addition, Defendant knowingly conspired with defendants and other persons to conduct and attempt to conduct financial transactions which involved the proceeds of the specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Doc. No. 170 at 4. Defendant participated in many financial transactions involving proceeds of the marijuana conspiracy which were designed to conceal the nature, location, source, ownership, and control

1

of those proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Doc. No. 170 at 4. She and other conspirators structured financial transactions between each other and other persons to evade Internal Revenue Service ("IRS") filing requirements for transactions involving more than $10,000 in cash payments in a single transaction. Doc. No. 170 at 5.

Defendant will not face a substantially greater period of imprisonment because she qualifies for the Safety Valve provision outlined in 18 U.S.C.A. § 3553(f) and also meets the criteria for a Minor Participant adjustment. The Court has reviewed the presentence report and the plea agreement and has determined that the offense level is 25 and the Criminal History Category is I.

## II. ADVISORY SENTENCE GUIDELINES

Sentence guidelines are strictly advisory, allowing the Court to have discretion to make individual decisions. *See United States v. Booker*, 543 U.S. 220, 264 (2005). "The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Id*. The Fourth Circuit offers guidance for sentencing:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider the range as well as other relevant factors set forth in the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence. If the court imposes a sentence outside the guideline range, it should explain its reasons for doing so.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The factors outlined in 18 U.S.C.A. § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed
(3) the kinds of sentences available
(4) the kinds of sentence and the sentencing range established for
(5) any pertinent policy statement

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C.A. § 3553(a)

Defendant's history shows some minor involvement with the juvenile justice system in Virginia as a result of truancy, shoplifting, and running away. Doc. No. 192 at 7. Defendant is healthy with no significant medical issues or mental health disorders. Doc. No. 192 at 13. According to Defendant, she began smoking marijuana at a young age and continued to until her arrest. Doc. No. 192 at 13. However, after July 30, 2012, Defendant has tested negative on monthly drug screenings. Doc. No. 192 at 13. Prior to the present offense, Defendant's involvement with the criminal justice system has been largely traffic violations. Doc. No. 192 at 8-9. Defendant has some college education and has worked several jobs. Doc. No. 192 at 13-14.

As it relates to Count One, Defendant is not eligible for probation because the instant offense is a Class A felony pursuant to 18 U.S.C § 3561 (a)(1). Doc. No. 192 at 11. The sentence range for Count One is a minimum of ten years and a maximum of life. Doc. No. 192 at 10. The sentence range for Count Two is a maximum of 20 years. Doc. No. 192 at 10.

The Court strives to ensure that there are not unwarranted sentence disparities among defendants with similar records that have been found guilty of similar conduct. Defendant's decision to enter a plea agreement with the Government allows her to take advantage of a three-level downward adjustment for acceptance of responsibility. Defendant has never been incarcerated and has been classified as a minor participant in the larger conspiracy.

*Offense Level Computation*

The base offense level specified was 32. Doc. No. 192 at 6. There was a two-level upward adjustment because Defendant was convicted under 18 U.S.C. § 1956. Doc. No. 192 at 6.

3

There was a two-level reduction because Defendant met criteria for role adjustment to minor participant. *Id.* An additional two-level reduction was given because information provided by the Government states that Defendant's participation in the instant offense conspiracy was far less involved than that of her co-defendants. Doc. No. 192 at 6. A three-level reduction was added for acceptance of responsibility. Doc. No. 192 at 6.

***Safety Valve Provision***

Defendant's Count One offense requires a ten year minimum sentence unless Defendant meets the requirements under the safety valve provisions outlined in 18 U.S.C.A. § 3353(f):

> A court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that--
>
> (1) The defendant does not have more than 1 criminal history point as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
> (5) not later than the time of the sentencing hearing the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or usual information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
>
> 18 U.S.C.A. § 3353(f)

Given the guidelines listed above, Defendant meets the criteria set out in the safety valve provision listed in 18 U.S.C.A. § 3553(f). Defendant's criminal history point does not exceed 1 as determined under sentencing guidelines. There was no violence or threats of violence during

the commission of the present offenses and the offenses did not result in the death or injury to any person. Defendant has been classified as a minor participant, and was found not to be an organizer, leader, or supervisor of the offense. Defendant received several shipments of marijuana and made repeated deposits to launder drug proceeds. However, it does not seem that Defendant was involved in the actual distribution of drugs. Doc. No. 192 at 20. Since being charged, Defendant has been truthful concerning her involvement in the present offense. She promptly took responsibility for her actions and gave timely notification of her intention to plead guilty. The Court finds that Defendant meets the criteria required to invoke the safety valve provision. As a result, the final sentence is not required to meet Count One's mandatory ten year minimum sentence.

### III. CONCLUSION

Defendant's criminal history offenses combined result in a subtotal criminal history score of one. One criminal history point establishes a criminal history category of I. Doc. No. 192 at 8. The Court has reviewed both the plea agreement and the recommendation of Probation outlined in the presentence report concerning the offense level computation. After reviewing the 18 U.S.C.A. § 3553(a) factors and the factors outlined in the safety valve provision, the Court finds that an offense level of 25 is reasonable. Pursuant to U.S.S.G. Chapter 5, Part A, based on a total combined offense level of 25 and a criminal history category of I, the guideline range for imprisonment is 57-71 months per count. Doc. No. 192 at 10.

The Court finds that this is an appropriate case to vary from the advisory sentencing guidelines. When determining the sentence to be imposed, the Court considers many factors. Nkemateh is the first defendant in a multi-defendant conspiracy so it is important for the Court to ensure that there is no disparity in sentencing. Defendant is classified as a minor participant in

the offense making her less culpable than many of her co-defendants. In addition, the Court considers deterrence both specific and general; it is important to both deter the Defendant from future criminal activity and to deter the general population from committing similar crimes.

The Court believes Defendant is remorseful in her acceptance of responsibility. Defendant has great family support and shows growth and progress. Furthermore, there is some indication that Defendant is at low risk of recidivism although this is acknowledged with some reservation. There is some concern for Defendant's respect for the law as it pertains to her fraudulent scheme with her car tags which was described in paragraphs 86 and 87 of the presentence report. Generally, however, the Court finds Defendant's risk of repeating the offense relatively low. Defendant appears to have a general respect for the law notwithstanding some minor encounters with the criminal system prior to the instant offense.

The Court must sentence a defendant to a sentence sufficient but not greater than necessary. The Court has considered all of the factors under section §3553 and believes that it is appropriate here to sentence the defendant to 24 months confinement with the Bureau of Prisons. A separate ORDER will be issued.

July 24, 2013
_____
Date

/s/
_____
Alexander Williams, Jr.
United States District Judge